# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (for **Revocation** of Probation or Supervised Release) |
| JAMIE E. DAY | Case Number: **09-CR-30110-RLM** |
| | USM Number: **08486-025** |
| | **STEPHEN R. WELBY** |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ admitted guilty to violation of condition(s)  <u>As noted below</u>  of the term of supervision.
☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Mandatory | The defendant committed the offense of Exceeded Posted Speed Limit | 02/07/2018 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Last Four Digits of Defendant's Soc. Sec.: 3499

Defendant's Year of Birth: 1984

City and State of Defendant's Residence:
Alton, Illinois

October 8, 2019
Date of Imposition of Judgment

Signature of Judge
<u>Robert L. Miller, U.S. District Judge</u>
Name and Title of Judge
<u>s/Robert L. Miller</u>
Date Signed: 10/8/2019

# ADDITIONAL COUNTS OF CONVICTION

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| Mandatory | The defendant committed the offense of Driving 15-20 Miles Per Hour Above the Limit | 12/2/2018 |
| Mandatory | The defendant committed the offenses of Driving 15-20 Miles Per Hour Above the Limit and Operating Uninsured Motor Vehicle | 12/3/2018 |
| Mandatory | The defendant unlawfully possessed a controlled substance, in that she tested positive for methamphetamine by urinalysis | 3/26/2018 |
| Standard #1 | The defendant left the judicial district without permission from the Court or the Probation Officer | 2/7/2018 |
| Standard #2 | The defendant failed to report to the probation office as directed | 5/7/2019 |
| Standard #2 | The defendant failed to submit written monthly reports for the following months: July 2018, October 2018, November 2018, December 2018, January 2019, February 2019, March 2019, April 2019, May 2019, June 2019 | 6/2019 |
| Standard #2 | The defendant failed to submit written monthly reports within the first tend days of each month for the following months: October 2017, March 2018, August 2018, September 2018 | 9/2018 |
| Standard #8 | The defendant frequented a place where controlled substances were illegally used, distributed, or administered | 2/18/2018 |
| Standard #9 | The defendant admitted to associating with convicted felons, Derek Day, Brett Chastain, Tiffany Counts, and Heather Grogran, without permission from the probation officer | 3/26/2018 |
| Standard #11 | The defendant failed to notify the probation officer within 72 hours of law enforcement contact, in that she was issued a safety citation by the Missouri Highway Patrol | 2/7/2018 |
| Special | The defendant failed to abide by the requirements of location monitoring, in that she left her residence without permission from the Probation Officer on the following dates: 6/12/18, 6/13/18, 6/20/18, 6/22/18, 8/26/18, 10/5/18, 10/6/18, 10/16/18, 10/17/18 | 10/17/2018 |
| Special | The defendant failed to abide by the requirement of location monitoring, in that she failed to return to her residence in accordance with her schedule on the following dates: 9/22/18, 9/29/18, 9/30/18, 10/5/18, 10/17/18 | 10/17/2018 |

AO 245D (SDIL Rev. 03/15) Judgment in a Criminal Case for Revocation

DEFENDANT: JAMIE E. DAY
CASE NUMBER: 09-CR-30110-RLM

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **Time Served**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ **The defendant is remanded to the custody of the United States Marshal until placement in a Residential Reentry Center is awarded or suitable home plans are made.**

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
**12 months beginning 10/8/2019**

Other than exceptions noted on the record at sentencing, the Court adopts the proposed terms and conditions of supervision recommended by the U.S. Probation Office in its current form, including the explanations and justifications therefor.

## MANDATORY CONDITIONS

*The following conditions are authorized pursuant to 18 U.S.C. § 3583(d):*

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.

## ADMINISTRATIVE CONDITIONS

*The following conditions of supervised release are administrative and applicable whenever supervised release is imposed, regardless of the substantive conditions that may also be imposed. These conditions are basic requirements essential to supervised release.*

The defendant must report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons.

The defendant shall not knowingly possess a firearm, ammunition, or destructive device. The defendant shall not knowingly possess a dangerous weapon unless approved by the Court.

The defendant shall not knowingly leave the judicial district without the permission of the Court or the probation officer.

The defendant shall report to the probation officer in a reasonable manner and frequency directed by the Court or probation officer.

The defendant shall respond to all inquiries of the probation officer and follow all reasonable instructions of the probation officer.

The defendant shall notify the probation officer prior to an expected change, or within seventy-two hours after an unexpected change, in residence or employment.

The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

The defendant shall permit a probation officer to visit the defendant at a reasonable time at home or at any other reasonable location and shall permit confiscation of any contraband observed in plain view of the probation officer.

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## **SPECIAL CONDITIONS**

*Pursuant to the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d), the following special conditions are ordered. While the Court imposes special conditions, pursuant to 18 U.S.C. § 3603(10), the probation officer shall perform any other duty that the Court may designate. The Court directs the probation officer to administer, monitor, and use all suitable methods consistent with the conditions specified by the Court and 18 U.S.C. § 3603 to aid persons on probation/supervised release. Although the probation officer administers the special conditions, final authority over all conditions rests with the Court.*

The defendant shall participate in a cognitive behavioral treatment program. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The defendant's financial obligation shall never exceed the total cost of services rendered. The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and the duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

The defendant shall participate in treatment for narcotic addiction, drug dependence or alcohol dependence, which includes urinalysis and/or other drug detection measures and which may require residence and/or participation in a residential treatment facility, or residential reentry center (halfway house). The number of drug tests shall not exceed 52 tests in a one-year period. Any participation will require complete abstinence from all alcoholic beverages and any other substances for the purpose of intoxication. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The defendant's financial obligation shall never exceed the total cost of services rendered. The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of treatment as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

The defendant shall not knowingly visit or remain at places where controlled substances are illegally sold, used, distributed, or administered.

The defendant shall participate in any program deemed appropriate to improve job readiness skills, which may include participation in a Workforce Development Program or vocational program. The Court directs the probation officer to approve the program and monitor the defendant's participation.

The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

The defendant shall reside in a Residential Reentry Center for up to180 days and shall abide by all the rules and regulations of the facility. Subsistence payments are waived. The amount of subsistence is based on the defendant's ability to pay and should not exceed 25 percent of the defendant's gross monthly income. The Court directs the probation officer to consult with the Bureau of Prisons to coordinate the Residential Reentry Center placement and monitor the defendant's compliance with the rules and regulations of the facility.

DEFENDANT: JAMIE E. DAY
CASE NUMBER: 09-CR-30110-RLM

The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

The defendant's person, residence, real property, place of business, vehicle, and any other property under the defendant's control is subject to a search, conducted by any United States Probation Officer and other such law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant. Failure to submit to such a search may be grounds for revocation. The defendant shall inform any other residents that the premises and other property under the defendant's control may be subject to a search pursuant to this condition.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has read and explained the conditions ordered by the Court and has provided me with a complete copy of this Judgment. Further information regarding the conditions imposed by the Court can be obtained from the probation officer upon request.

Upon a finding of a violation of a condition(s) of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant's Signature _____    Date _____

U.S. Probation Officer _____    Date _____